**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BOBBY E. WILSON, JR., #52274**                          **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 5:12-cv-137-DCB-RHW**

**STATE OF MISSISSIPPI**                          **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Wilson, an inmate of the Mississippi Department of Corrections, filed this *pro se* Petition for a writ of *coram nobis* pursuant to 28 U.S.C. § 1651, on October 1, 2012. Upon review of the Petition along with the applicable case law, the Court has reached the following conclusions.[1]

**I. Background**

Petitioner is currently serving a term of life imprisonment for a 2004 robbery conviction entered by the Warren County Circuit Court. Petitioner was sentenced as a habitual offender, based at least in part, on his 1994 state court conviction for automobile burglary.

In the Petition before the Court, Wilson argues that his 1994 automobile burglary conviction is invalid because he "was tricked by my court appointed counsel as to the elements of the charge and the acts which constitute [] the charge." Pet. [1] at 1. Petitioner claims that the petition he signed to plead guilty referred to attempted burglary of a vehicle as opposed to actual burglary. Petitioner further argues that he did not have the necessary intent to establish burglary and that the facts surrounding the crime only support a charge of trespassing.[2] As relief,

---

[1] Petitioner was granted permission to proceed *in forma pauperis* in this case.

[2] Specifically, Petitioner claims that he intended to "ride home in the car [and] then abandon it" which would only be a "temporary" use of the vehicle constituting "trespassing." *See* Pet. [1] at 2.

Petitioner is seeking "the removal of the 1994 burglary conviction." *Id.* at 4.

## II. Analysis

A writ of error *coram nobis* is available to federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[3] The writ is accessible to a petitioner who has completed his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2241 or § 2255. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir.1998). However, the "function of the writ of error *coram nobis* is to permit a court to review its own judgement," not to provide a state inmate with an alternative avenue to challenge his conviction in federal court. *Sinclair v. Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982). As the Fifth Circuit has made clear "the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Id.*

That is precisely what Petitioner seeks to do in this case. He is attacking a state criminal judgment and seeking a writ of *coram nobis* as relief. The Court is without jurisdiction to grant his request. *Id.*, *see also Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006)(collecting cases)("the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts").

Furthermore, the Court will not liberally construe this case as a petition for habeas corpus relief pursuant to § 2254, for several reasons. First, Petitioner clearly states that he is seeking a writ of *coram nobis* because he does not meet the "in custody" requirement for habeas corpus relief. Secondly, Petitioner specifically requests that the Court "not construe the current motion under a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254." Pet. [1] at 4. And

---

[3] Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

finally, Petitioner's attempt to include essentially the same claims regarding his 1994 auto burglary conviction in a § 2254 habeas corpus petition (that challenged his 2004 robbery conviction) was previously rejected by this Court.  *See Wilson v. Epps*, No. 5:07cv165 (S.D. Miss. July 26, 2010), *aff'd,* No. 10-60648 (5th Cir. 2011), *cert denied*, No. 11-6896 (2012).

### III. Conclusion

As explained above, Petitioner cannot seek *coram nobis* relief in federal court for a state court conviction.  Therefore, Petitioner's request for a writ of *coram nobis* to invalidate his 1994 state court burglary conviction is denied for this Court's lack of subject matter jurisdiction.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.[4]

SO ORDERED, this the   26th    day of November, 2012.

    s/David Bramlette
    UNITED STATES DISTRICT JUDGE

---

[4]The Court notes that a certificate of appealability is not applicable to an order denying *coram nobis* relief.  *See U.S. v. Perkins*, 424 F. App'x 328 (5th Cir. 2011).