IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOBBY E. WILSON, JR., #52274**                                                      **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO. 5:12-cv-137-DCB-RHW**

**STATE OF MISSISSIPPI**                                                              **RESPONDENT**

## ORDER

BEFORE THE COURT is Petitioner's third Motion [ECF No. 20] for Reconsideration of the Final Judgment dismissing this Petition for writ of *coram nobis*. Having considered the issues raised in the Motion, the Court finds that the Motion is not well-taken and should be denied.

**I. Background**

Petitioner, an inmate of the Mississippi Department of Corrections, proceeding *pro se*, filed a Petition for a writ of *coram nobis*. On December 3, 2012, the Court entered a Memorandum Opinion [ECF No. 4] and Final Judgment [ECF No. 5] denying Petitioner's request for *coram nobis* relief and dismissing this case.

On January 18, 2013, the Court entered an Order [ECF No. 10] denying Petitioner's Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Thereafter, Petitioner filed a notice of appeal and a Motion to proceed *in forma pauperis* on appeal. This Court entered an Order [ECF No. 15] denying Petitioner's Motion to proceed *in forma pauperis* on appeal as not taken in good faith. On April 10, 2013, the Fifth Circuit dismissed Petitioner's appeal [No. 13-60062] for want of prosecution. *See* [ECF No. 16].

On April 29, 2013, Petitioner filed a Motion [ECF No 17] for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On May 7, 2013, the Court entered an Order [ECF No. 19] denying Petitioner's Motion for Relief from Judgment. On May 20, 2013, Petitioner filed the instant Motion [ECF No. 20] for Reconsideration along with a second notice of appeal [ECF No. 21].

**II. Analysis**

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, No.08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds*). Since Petitioner's Motion was filed more than twenty-eight days after the Court's Final Judgment, the Motion will be considered under Rule 60(b).[1]

A party seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. After liberal review of Plaintiff's pleadings, the Court finds that, at best, Plaintiff is seeking relief under Rule 60(b)(1) for mistake, inadvertence, surprise or excusable neglect or under Rule 60(b)(6) for any other reason justifying relief. Specifically addressing these two sections of Rule 60(b), the Fifth Circuit explained that

> [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.' . . . The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest.

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citations omitted). Furthermore, "[a] motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary

---

[1] The Court notes that "a Rule 60(b) motion may be entertained in the district court at any time within a year of judgment, regardless of . . . the completion of an appeal." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 330 (5th Cir. 2004)(quoting *Ingraham v. United States*, 808 F.2d 1075, 1080-81 (5th Cir. 1987)).

2

circumstances.'"  *Munoz v. Fortner*, No. 08-40148, 2009 WL 196189, at *1 (5th Cir. Jan. 28, 2009) (citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002)).

After thorough consideration of the Motion submitted and relevant case law, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *See e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").  Therefore, it is hereby,

**ORDERED** that Petitioner's third Motion [ECF No. 20] for Reconsideration construed as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure is DENIED.

**SO ORDERED** this the  4th    day of June  , 2013.

                                       s/David Bramlette
                                       UNITED STATES DISTRICT JUDGE